AGNES K. ARMOUR, APPELLANT, v. SARAH MURRAY ET AL., APPELLEES.

Submitted December 6, 1906—Decided February 25, 1907.

1. A trust deed made by Sarah Murray and Thomas Murray, her husband, conveyed certain lands to Mary Murray (one of the children of the grantors) upon trust to receive the rents, issues and profits and apply them to the use of the grantor, Sarah Murray, during her lifetime, and after her death the trustee was empowered to sell the lands, and out of the proceeds to pay to James, John and Daniel Murray (sons of the grantors), "and to their heirs and assigns," each the sum of $200, and to divide the remainder of said proceeds with her two sisters, Annie and Sarah Murray (daughters of the grantors), "and to their heirs and assigns forever, share and share alike." Thomas Murray having died, leaving Sarah Murray, his widow, surviving: and Mary Murray, the trustee, and her sister Sarah, having died unmarried and intestate, leaving their brothers James, John and Daniel and their sister Annie as their sole heirs—*Held,* that a deed of conveyance made in the lifetime of Sarah Murray, the grantor in the trust deed, and in which she united with her sons James, John

and Daniel and her daughter Annie, would operate to extinguish the trust and to convey an absolute title in the lands to a third party.

2. In the trust clause above referred to the word "heirs" *held* to be a word of limitation and not of purchase.

3. Under the trust deed above referred to—*Held*, that the time of the exercise of the power of sale was postponed until the death of Sarah Murray, the mother, for her benefit, and that she could waive this benefit by consenting in her lifetime to a sale of the property to a third party.

On appeal from First District Court of Jersey City.

Before Justices FORT, PITNEY and REED.

For the appellant, *Collins & Corbin.*

For the appellees, *Anthony Engelbrecht.*

The opinion of the court was delivered by

PITNEY, J. The defendants agreed to convey to the plaintiff a house and lot of land in Hudson county by warranty deed conveying the fee-simple, free from all encumbrances, excepting one not necessary now to be mentioned. Pursuant to the terms of the agreement plaintiff made a payment to the defendants on account of the purchase-money, and before the time fixed for passing title she incurred expense in making a search. Defendants tendered a deed purporting to convey said lands, which deed plaintiff refused to accept, claiming that it would not vest in her an absolute title in fee-simple for the reason that the title was subject to an outstanding trust that was not extinguished by the deed tendered. The present action was brought to recover the deposit made by the plaintiff upon the signing of the agreement, and also the money she expended for searching the title. The trial judge held she was not entitled to recover, on the ground that the deed tendered was sufficient to convey a good title.

The defendants (all of whom are admitted to have joined in the deed referred to) are Sarah Murray and her four surviving children, James, Daniel, Annie and John. Their in-

terest arises under a deed made in the year 1889 by Sarah Murray (now defendant) and Thomas Murray, her husband, conveying the lands in question to Mary Murray (one of the children of Sarah and Thomas), upon trust to receive the rents, issues and profits and apply them to the use of the grantor Sarah Murray during her life, and after her death the trustee was empowered to sell the lands, and out of the proceeds to pay to James, John and Daniel Murray (sons of Sarah Murray, the grantor), "and to their heirs and assigns," each the sum of $200, and to divide the remainder of said proceeds with her two sisters, Annie and Sarah Murray (daughters of the grantors), "and to their heirs and assigns forever, share and share alike."

It would seem (although the state of the case is obscure upon these points) that Thomas Murray, one of the grantors, is dead, leaving Sarah Murray, one of the defendants, his widow; that Mary Murray, the trustee, and her sister Sarah have died unmarried and intestate, and that the defendants James, John and Daniel Murray and Annie Murray McGhee, are the sole surviving children of Thomas and Sarah, the grantors, and are all of full age.

It is admitted by the appellant that upon the death of Mary Murray, the trustee, her legal estate descended to her heirs at the common law, and that her beneficial estate and that of her sister Sarah (if vested in them) descended to the brothers and sister (all of whom joined in the deed that was tendered), and that the sole question raised below, and now to be determined on appeal, is whether a conveyance by Sarah Murray, the life tenant, and by the other defendants, including, as they did, all the beneficiaries of the trust and the heirs of the deceased trustee, will pass a marketable title to the lands in question.

The trial judge was of the opinion that the word "heirs," where used in the trust clause, is a word of limitation, and not of purchase, so that the beneficiaries therein named took a vested and not a contingent interest, and that although under the language of the deed no power was given to make conveyance until the death of Sarah Murray, the mother, yet that

the postponement of the exercise of the power was for her benefit only, and was waived by her joining in the deed of conveyance that was tendered to the plaintiff.

It is argued by counsel for the appellant that since the trust deed contemplated a sale of land to be made at the death of Sarah, the mother, and a distribution of the proceeds as personal property, the land is to be treated as converted into personalty as of that time, so that the word "heirs" in the connection in which it was used cannot be deemed a word of limitation, but is a description of the person to whom the money is to be paid. The trust deed, however, contains no imperative requirement that the land shall be sold, as in *Crane* v. *Bolles*, 4 *Dick. Ch. Rep.* 373, but only an authority to sell without express direction. Therefore the land retains its character as land until actually sold. *Cook's Executor* v. *Cook's Administrator*, 5 *C. E. Gr.* 375; *Condit* v. *Bigalow*, 19 *Dick. Ch. Rep.* 504. The devise over after the life interest of Sarah Murray, the mother, is in effect to Mary, Annie and Sarah, the daughters, subject to charges of $200 each in favor of the sons James, John and Daniel. The power of sale after the death of the mother was conferred for the purpose of raising the sums payable to the sons "and to their heirs and assigns." We agree with the trial judge that in this context the word "heirs," while not strictly appropriate as applied to personalty, is intended as a word of limitation and not of purchase. The rule in Shelley's case applies, it not having been abolished in this state except with respect to estates created by will.

It results that by the trust deed vested interests passed to the sons as well as to the daughters of the grantors, enjoyment alone being postponed until after the death of the mother. The time of the exercise of the power of sale is a matter that may be waived by all the persons entitled, they having vested interests and being *sui juris*, and their deed of conveyance made to the plaintiff herein amounts to a consent to a present sale. Indeed, as we think, the making of any sale by the trustee might be waived by the beneficiaries, they being the only parties for whose benefit the power of sale is conferred.

The present case differs materially from *Isham* v. *Delaware*,

*Lackawanna and Western Railroad Co.,* 3 *Stock.* 227, cited by counsel for the appellant, for there the lands were conveyed in trust for the benefit of certain parties and their children yet unborn, so that it was properly held that the trust could not be revoked or annulled by the consent of the trustee and the beneficiaries in being.

We agree with the view of the trial judge that the deed tendered would have operated to extinguish the trust and to convey an absolute title in fee-simple to the appellant.

The judgment under review should therefore be affirmed, with costs.